# Turner v. The State.

*Failure to Work the Road.*

(Decided February 9. 1911. 54 South. 504.)

1. *Highways; Overseers; Appointment and Removal.*—The commissioner's court or boards of revenue have plenary power under sections 5780 and 5835, Code 1907, to remove road overseers at discretion and appoint their successor without notice to anyone; hence, the appointment by the commissioner's court of a new overseer for a certain road or road district, ipso facto operated as a removal of the old overseer.

2. *Same; Failure to Work; Evidence.*—Where the prosecution was for failure to work the road after notice given by one acting as road overseer under appointment by the commissioner's court, it was proper to exclude evidence as to the appointment of his predecessor. where it did not appear that such predecessor had involved the defendant in any way inconsistent with his duties, to obey the orders of the acting overseer.

Appeal from Autauga Circuit Court.

Heard before Hon. W. W. Pearson.

John Turner was convicted for failure to work the public road after due notice, and he appeals. Affirmed.

HILL, HILL & WHITING, for appellant. The court erred in permitting the state to introduce the minutes of the Board of Revenue showing the election of Deramus as overseer. The authority to appoint overseers and to fill vacancies is not in the Board of Revenue but in the apportioners.—Sec. 5780 and 5782, Code 1907. There cannot be two de facto officers for one office.—Meehan on Public Officers, Sec. 323. Neither can there be a de facto officer if there is a de jure officer.— Meehan on Public Officers, 5322. Wright's term of office was until February, 1911.—Sec. 5781, Code 1907. The court, therefore, erred in refusing to permit testimony showing that Wright was already acting as overseer when Deramus was appointed.

ALEXANDER M. GARBER, Attorney General, and EUGENE BALLARD, for the State. The Court of County Commissioners or Board of Revenue has authority at discretion to appoint or remove overseers of roads, and the appointment of a new overseer is tantamount to the removal of the old overseer.—Secs. 5765, 5767 and 5835, Code 1907. Hence, there was no error in the court's declining to permit evidence of the appointment of the predecessor of the overseer who gave the notice.

SOMERVILLE, J.—The defendant was convicted of failure to work the public road after legal notice to do so. The only question presented by the record is as to whether legal notice was given him.

The notice in question was given by one C. D. Deramus, acting as road overseer, who drew his authority from an act of the commissioners' court of the date of

January 8, 1909, duly proven from its minutes; the entry being: "C. D. Deramus is hereby elected road overseer for beat 8 of Autauga county." Defendant objected to its introduction in evidence, on the ground that the commissioners' court had no authority to elect or appoint road overseers, and also because there was another existing overseer for beat 8. In support of the latter contention, defendant offered in evidence a prior act of said commissioners' court, of the date of February 26, 1907; the entry being: "Geo. W. Wright is hereby elected road overseer of beat 8 of Autauga county." The trial court admitted the record of Deramus' election, and excluded that of Wright's. Defendant then offered to show by the probate judge, and by said minute entry, "that Geo. W. Wright was, and had been since the 26th day of February, 1907, road overseer of beat 8 of Autauga county." The court, on objection by the state, declined to allow this proof, and declined to give the general affirmative charge for his acquittal, as requested by defendant.

Although the initial selection of road overseers is confided to the apportioners (Code 1907, § 5780), the commissioners' court may, at any time, remove such overseers from office and appoint their successors, for any cause deemed sufficient, "by order spread on its minutes."—Code 1907, § 5835. Such a power is plenary, and under it removals may be made at the discretion of the court, without notice to any one.—12 Am. & Eng. Ann. Cas. 998, note. The only question then is: Did the court remove the former overseer, Geo. W. Wright? It seems clear on principle that, under such a power, the appointment of a new officer ipso facto operates as a removal of the old, and so the authorities all hold.—29 Cyc. 1408, 1409; 23 A. & E. Ency. Law, 433.

[Lindsey v. The State.]

It is insisted, however, that, even if Deramus was the de jure overseer, Wright may still have been overseer de facto, and the defendant should have been allowed to show that fact. But the defendant's offer clearly did not embrace any proof of Wright's de facto incumbency, even if the doctrine relating to de facto officers could, while another held de jure, be applied to mere service as road overseer. There was in it no suggestion of evidence that Wright was acting as overseer to the exclusion of Deramus, nor that Wright, while so acting, had involved the defendant in any way inconsistently with his obligation to respond to the notice of the overseer de jure.

We find no error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.